**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1298**

———————

JOYCE TURMAN CAMPBELL,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Joseph Dawson, III, District Judge.  (2:23-cv-01011-JD)

———————

Submitted:  July 29, 2025                               Decided:  August 1, 2025

———————

Before KING, WYNN, and BERNER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  W. Daniel Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, Aiken, South Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, William Feldman, Special Assistant United States Attorney, David Somers, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Adair F. Boroughs, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce Turman Campbell appeals the district court's order adopting the magistrate judge's recommendation and upholding the administrative law judge's (ALJ) denial of Campbell's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks and citation omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks and citation omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks, brackets, and citation omitted).

We have reviewed the record and discern no reversible error. The ALJ applied the correct legal standards in evaluating Campbell's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Campbell v. Comm'r Soc. Sec. Admin.*, No. 2:23-cv-01011-JD (D.S.C. Feb. 7, 2024). We dispense with oral argument because the

2

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*